1
2
3
4
5
6

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

7
8

| | | |
|---|---|---|
| 9 | KIRK D. WINGO, | ) |
| 10 | Plaintiff, | ) 3:10-cv-00167-LRH-RAM |
| 11 | vs | ) |
| 12 | DAVE JENKINS, et al., | )  ORDER |
| 13 | Defendants. | ) |

9  KIRK D. WINGO,                          )
                                           )
10                     Plaintiff,          )   3:10-cv-00167-LRH-RAM
                                           )
11  vs                                     )
                                           )            ORDER
12   DAVE JENKINS, et al.,                 )
                                           )
13 _____ Defendants.    )

14       Plaintiff has submitted a civil rights complaint and has now filed a completed application to

15  proceed in *forma pauperis* (docket #6).  The Court finds that Plaintiff is unable to make an initial

16  installment payment.  However, pursuant to 28 U.S.C. § 1915, Plaintiff will be required to make

17  monthly payments toward the full filing fee of three hundred fifty dollars ($350.00) when he has funds

18  available.  Additionally, the Complaint shall be screened as required by 28 U.S.C. § 1915A.

19       Pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's

20  claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state

21  a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

22  from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon

23  which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court

24  applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or

25  amended complaint.

26       Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

27  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

28  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff brings a claim against two police detectives in relation to his arrest and interrogation, a claim related to the conditions of his confinement while in the Washoe County Jail, and a claim against a deputy district attorney on allegations that he was denied the right to appear at a grand jury hearing related to criminal charges against him.

Defendants

Initially, the court finds that defendant Bruce C. Hahn is not a proper defendant in this matter as he enjoys immunity in his work as a criminal prosecutor. Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher,* 522 U.S. 118, 124-26 (1997); *Botello v. Gammick,* 413 F.3d 971, 975 (9th Cir. 2005). Seeking a grand jury indictment is such an activity intimately associated with the judicial phase of the criminal process. *See Hartman v. Moore,* 547 U.S. 250, 261-62 n.8 (2006). Because Mr. Hahn was acting as a prosecutor in seeking the grand jury indictment against plaintiff, he shall be dismissed from this action with prejudice.

Plaintiff also brings a claim under the Eighth Amendment against the Washoe County Sheriff, Michael Haley, in his capacity as the "head man in charge" of the jail. A supervisor may be held liable

under 42 U.S.C. § 1983 upon either a showing of the supervisor's personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc). Consequently, a supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Plaintiff states no facts which show that Sheriff Haley was personally involved in the actions giving rise to the conditions of confinement claim or that he personally directed plaintiff's placement in solitary confinement. Thus, Sheriff Haley is not a proper defendant in this action.

<u>Claims for Relief</u>

<u>Counts One and Three</u>

Plaintiff's first claim for relief relates to the actions of defendants Detective Dave Jenkins and Detective Allan Fox, who are alleged to have arrived at the Victorville Penitentiary in California at the time plaintiff was being released from that facility and proceeded to question and interrogate him without reading him his *Miranda* rights or providing him with a copy of the warrant for his arrest.

In count three plaintiff attacks the validity of his indictment, contending that the prosecutor denied him the right to appear before the grand jury to present his side of the story. Plaintiff's demand for relief includes a new jury trial. As noted above, the defendant identified in this claim is entitled to prosecutorial immunity.

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (discussing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). If the court concludes that a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. The fact of plaintiff's relocation from the county jail to the Northern Nevada Correctional Center (see dockets #3 and #4) strongly suggests that plaintiff's conviction has not been overturned. Thus, counts one and three of the complaint shall be dismissed.

1        <u>Count Two</u>

2        In count two, plaintiff complains about the conditions of his confinement.  As noted

3  above, the only defendant identified in relation to this claim is the Sheriff, whose direct participation

4  in the alleged actions is not established under the facts described.  Thus, the count would be dismissed

5  because there is no proper defendant identified.  However, that is not the only basis for dismissal.

6        Plaintiff contends that he was held in solitary confinement in the jail for several months

7  and that during that period of time he was subjected to a Nine Day Disciplinary Program which includes

8  the removal of his mattress and bedding from his cell during the hours between seven a.m. and ten p.m.

9  and no time out of his cell for a period of three days.  He alleges that he was kept on a nutra loaf diet

10 for seven of the nine days; that he was denied a shower and any telephone calls for six of the nine days,

11 and was denied his non-legal mail for the entire nine day period.  Plaintiff asserts these denials violated

12 his rights under the Eighth and Fourteenth Amendments.

13       Prison officials violate the Eighth Amendment only when two requirements are met.

14 First, the deprivation alleged must be, objectively, sufficiently serious and the prison official's act or

15 omission must result in the denial of the minimal civilized measure of life's necessities.  *Farmer v.*

16 *Brennan,* 511 U.S. 825, 834 (1994).  The Prison Litigation Reform Act states that "[n]o Federal civil

17 action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental

18 or emotions injury while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

19 This provision "requires a showing of physical injury that need not be significant but must be more than

20 *de minimus.  Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

21       Conditions of confinement may, consistent with the constitution, be restrictive and harsh.

22 *See Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Osolinksi v Kane,* 92 F.3d 934, 937 (9th Cir. 1996).

23 Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care,

24 and personal safety." *Toussaint v. McCarthy,* 801 F.2d 1080, 1107 (9th Cir. 1986); *see also Johnson*

25 *v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray,* 682 F.2d 1237, 1248 (9th Cir. 1982).

26 Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may

27 be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."

28 *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

1    The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged

2    deprivation must be, in objective terms, "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. at 834

3    (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and

4    disregard an excessive risk to inmate health or safety."  *Id*. at 837.  Thus, "a prison official may be held

5    liable under the Eighth Amendment for denying humane conditions of confinement only if he knows

6    that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable

7    measures to abate it."  *Farmer v. Brennan*, 511 U.S. at 835.

8            Plaintiff has failed to state a claim for relief under the circumstances he describes here.

9    First, the conditions were not prolonged in their nature, lasting less than nine days.  Second he has not

10   shown that the conditions resulted in any physical injury.  He admits that other than the three day period

11   he has received out of cell and exercise time, that he was allowed to shower several times per week.  His

12   bedding was returned to him each night to allow him a proper place to sleep.  Courts have concluded

13   that a diet of nutra loaf is nutritionally sufficient and does not amount to cruel and unusual punishment.

14   *Adams v. Kincholoe,* 743 F. Supp. 1385 (E.D. Wash., 1990); *Smith v. Oregon State Dept. Of*

15   *Corrections,* 791 P.2d 109, 110 (Or. 1989).  His complaint seems to be that he is "tired of" the various

16   hardships he has experienced in the disciplinary program.[1]  Plaintiff has failed to state a claim under the

17   Eighth Amendment for cruel and unusual punishment based on the temporary conditions of his

18   confinement, has failed to identify any physical injury suffered as a result of the conditions[2], and he has

19   failed to identify a proper defendant on this claim.

20           The court concludes that plaintiff's complaint must be dismissed for failure to state a

21   claim and name a proper defendant.  Two of the claims are not properly brought in terms of section 1983

22   and the second claim for relief complains of unpleasant conditions which do not rise to a level

23   implicating the Eighth Amendment and no proper defendant is identified as to this claim for relief.

---

25   [1] Plaintiff makes reference to being denied adequate medical care, but fails to provide any

26   specifics as to what medical care he required, whether he asked for the case or officials were aware of
     his need and under what circumstances the care was denied.  Considering the detail with which he

27   presents the balance of his other claims, the court concludes no facts exist to support this contention.

28   [2] Plaintiff does contend he "caught scabers" while in solitary confinement, but does not identify
     what scabers may be or what harm they might cause.

1    **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in *Forma Pauperis*

2    (docket #6) without having to prepay the full filing fee is **GRANTED**; Plaintiff shall not be required

3    to pay an initial installment fee.  Nevertheless, the full filing fee of three hundred fifty dollars ($350.00)

4    shall still be due, even if this action is dismissed, pursuant to 28 U.S.C. § 1915.

5    **IT IS FURTHER ORDERED** that the plaintiff is permitted to maintain this action to

6    conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

7    therefor.  This Order granting in *forma pauperis* status shall not extend to the issuance of subpoenas at

8    government expense.

9    **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department

10   of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the

11   preceding month's deposits to Plaintiff's account (inmate #1052268), in the months that the account

12   exceeds $10.00, until the full $350 filing fee has been paid for this action.  The Clerk of the Court shall

13   send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy

14   of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections,

15   P.O. Box 7011, Carson City, NV 89702.

16   **IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for

17   failure to state a claim.  Any appeal of this order shall be taken in bad faith.  The Clerk shall enter

18   judgment accordingly.

19        Dated this 28th day of October, 2010.

20

21

22   _____                    _____

23   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

24

25

26

27

28